

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 15, 1939

Hon. Hubert Forman
County Attorney
Upton County
Rankin, Texas

Dear Sir:

Opinion No. 0-583
Re: Commissions due county attorney
under Art. 335, R. C. S. 1925,
on moneys collected as shortage,
from county officers or their
bondsmen.

This Department has considered your request
for an opinion as contained in your letter of March 31st,
and to which the above opinion number has been assigned,
which request is contained in the second paragraph of
your letter as follows:

"Is the county attorney entitled to 10%
commission of monies collected by him for the
county, where the tax collector and the trea-
surer are short, or have excess fees, and the
bonding company pays off the shortage, through
the efforts of the county attorney, and the
commissioners court turned the collection over
to the county attorney, but the county attorney
makes the collection without having to file
suit."

Article 335, Revised Civil Statutes reads as
follows:

"Whenever a district or county attorney
has collected money for the State or for any
county, he shall within thirty days after
receiving the same, pay it into the treasury
of the State or of the county in which it

pensation, fee or commission from any person whomsoever, as a consideration of prosecuting a suit he is required by law to prosecute and Article 339, supra, clearly makes it their duty to institute such proceedings as are necessary to compel the enforcement of official duties by county officers and to preserve and protect the public interests. Where a bonding company, through the efforts of a county or district attorney, pays such shortage illegally retained by such county officials, making unnecessary the filing of a suit, the duty on the part of the district or county attorney under this article would have been performed.

The only question left for decision is whether or not under the facts presented, you would be entitled to retain this commission under Article 335, supra. Other provisions of the law provide the compensation or fees to be paid district and county attorneys and set a maximum allowed for performance of duties of office, regardless of whether they are compensated on an annual salary basis or on the fee basis. Such officials are required to make sworn reports showing the amount of fees collected and moneys which come into their hands. The above statutes herein cited have been construed, in Lattimore et al vs. Tarrant County, 124 SW 205, wherein the Court held that the county attorney is only allowed to retain the commissions provided under Article 335, supra, when such amount added to other fees or compensation allowed him do not exceed the maximum allowed by law.

It is, therefore, the opinion of this Department that where a district or county attorney collects moneys legally due the county and illegally retained, from county officials or from their bonding company, such officers are entitled to retain commissions on such moneys as provided in Article 335, R. C. S. 1925, provided such commissions when added to other fees allowed, would not exceed the annual maximum amount of compensation or fees allowed by law.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WmK:AW

APPROVED: